UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT | : | CIVIL ACTION NO. |
| | : | 3:09-R-1 (JCH) |
| v. | : | |
| | : | |
| WILLIAM A. PARKS, | : | OCTOBER 2, 2009 |
| Defendant. | : | |

**ORDER FOR SUMMARY REMAND**

The defendant in a Connecticut state criminal case, Richard A. Parks ("Parks"), filed a Notice of Removal (Doc. No. 1), seeking to remove to federal district court the state criminal prosecution against him. Parks asserts that this court has removal jurisdiction under 28 U.S.C. §§ 1331, 1443, 1446, and 1441. Because none of these statutes permits the removal of the state criminal proceeding pending against Parks, this court hereby orders summary remand pursuant to 28 U.S.C. § 1446(c)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

Removal of a state criminal case is appropriate in narrow circumstances. See, e.g., 28 U.S.C. §§ 1442, 1442a, 1443. Under 28 U.S.C. § 1443, a state criminal prosecution can be removed to federal court if it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Supreme Court has held that "a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the

removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' . . . Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792, 803 (1966)).  Removal under the first clause of 28 U.S.C. § 1443(2) is available only to federal officers.  City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966).  Removal under the second clause of 28 U.S.C. § 1443(2) is available to state officers, and, in some cases, local and municipal officers.  Id. at 808 n.22; White v. Wellington, 627 F.2d 582, 585 (2d Cir. 1980) (holding that local and municipal officials may remove a prosecution to federal court under the "refusal to act" clause of 28 U.S.C. § 1443(2) if acting "with or for" state officers).

In this case, Parks alleges that he "held positions as a former federal, state, and local law enforcement officer for approximately ten (10) years, in the 1970's and 1980's [sic]."  However, he has not alleged any facts that would permit his case to be removed under 28 U.S.C. § 1443.  Parks has similarly failed to allege facts that would permit his case to be removed under 28 U.S.C. §§ 1442 or 1442a.

The other statutes cited by Parks are similarly inapplicable.  Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over civil cases arising under federal law.  Under 28 U.S.C. § 1441, defendants in civil cases may remove to federal court in cases over which the federal court had original jurisdiction.  While 28 U.S.C. § 1446 provides procedures for removal, section 1446 "does not state an independent substantive basis for removal."  Weatherall v. Weatherall, 83 F. Supp. 2d 1003, 1004 (E.D. Wis. 1999).

It also bears noting that Parks cannot bring a civil counterclaim, under 42 U.S.C. § 1983 or any other statute, as part of the instant criminal case.  If Parks has a federal civil claim against the State of Connecticut, as he appears to indicate in his Notice of Removal, he must file that claim as a civil action, independent of the criminal prosecution at bar.

For the foregoing reasons, this court orders summary remand, pursuant to 28 U.S.C. § 1446(c)(4).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 2nd day of October, 2009.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge